### 7858.   LEE *v.* THE STATE.

BROYLES, J.  The verdict was authorized by the evidence; no error of law is complained of; and the court did not err in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED NOVEMBER 16, 1916.

Indictment for drunkenness on highway; from Candler superior court—Judge Hardeman.  September 22, 1916.

*Kirkland & Kirkland,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.

---

### 7863.   SANDERS *v.* THE STATE.

1. Where the record conflicts with the bill of exceptions, the record controls.
2. Withdrawal of the plea of guilty could not, as a matter of right, be made after the court had orally pronounced sentence on the accused.

DECIDED NOVEMBER 16, 1916.

Accusation of misdemeanor; from city court of Macon—Judge Guerry.  September term, 1915.

*L. B. Aultman, J. D. Hughes,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

HODGES, J.  It is stated in the bill of exceptions that the plaintiff in error, by his counsel, entered a plea of guilty to the charge of violating the prohibition law, whereupon the court orally pronounced sentence upon him, but, before the sentence could be reduced to writing, he moved, through his counsel, to be allowed to withdraw his plea of guilty; which motion the court refused.  The record shows that the court passed the following written sentence: "The defendant being before the bar of the court and showing no reason why the sentence of the court should not be imposed, it is ordered and adjudged by the court that the said Eugene Sanders do work in the chain-gang, on the public works of said county, for the term of six months, to be computed from the date he is received by the superintendent of public works; from three and one half months of which sentence he may be relieved by paying into court a fine of two hundred dollars, to include all costs of this prosecution."  The defendant excepted to the refusal of his motion to be allowed to withdraw the plea of guilty, and to the